**FACTORY MUTUAL INSURANCE COMPANY, as Subrogee of Wm. Wrigley Jr. Company, Plaintiff,**

**v.**

**BOBST GROUP, INC., Defendant.**

**and**

**Bobst Group, Inc., Third party plaintiff,**

**v.**

**Factory Mutual Engineering Association, etc., et al., Third party defendants.**

No. 02 C 283.

United States District Court,
N.D. Illinois,
Eastern Division.

April 21, 2004.

William A. LeMire, Michael P. McNamee, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, Mark Nicholas Senak, Salvi, Schostok, Pritchard, Chicago, IL, for Plaintiff.

Jeffrey W. Gunn, Ronald Eric Bentsen, Morris & Stella, Hugh Gerard McBreen, McBreen, Kopko, McKay & Nora, Chicago, IL, for Defendant.

Arika Joy Osacky, Charles Michael Baum, Schwartz, Cooper, Greenberger & Krauss, James J. O'Hagan, Christopher Sean Hennessy, Kristine S. Estacio, O'Hagan, Smith & Amundsen, L.L.C., William Edward Spizzirri, Michael James Mullen, Kralovec & Marquard, Chartered, Chicago, IL, for Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

MORAN, Senior District Judge.

Factory Mutual Insurance Company (Factory Mutual), subrogee of William Wrigley Jr. Company (WRICO), brought this action against defendant Bobst Group, Inc. (Bobst) alleging strict liability, negligence and breach of contract. The contract claims were previously dismissed. Bobst filed a third party complaint against Factory Mutual's research facility, which Factory Mutual now seeks to dismiss. Following the filing of the motion to dismiss, Bobst filed a motion for leave to amend its third party complaint, which Factory Mutual opposes. For the following reasons, Bobst's motion is granted and Factory Mutual's motion is denied.

## BACKGROUND

This dispute began on August 16, 1999, when a roto cadet retrogravure printing press, sold and installed by Bobst, exploded at WRICO's Chicago plant. Many of the parts used in the press were sold to Bobst by Control Instruments Corporation (Control Instruments). Factory Mutual, as WRICO's primary insurance carrier, retained power to inspect the premises and the parts used in the press. Factory Mutual's research division allegedly tested the gas vapor concentration analyzers and approved their use in the press. In its third party complaint Bobst seeks contribution, arguing that Factory Mutual's research division assumed a duty when testing the gas vapor concentration analyzers and that it performed that duty negligently.

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that district courts should freely allow parties to amend pleadings as justice requires. Factory Mutual contends that allowing Bobst to do so here would be futile because the statute of limitations ran on or before February 6, 2004, before the amended complaint was filed. It argues that any attempt to relate the amendment back so as to satisfy the statute of limitations must fail because Bobst's initial complaint was brought against a non-existent entity and was therefore void *ab initio*.

Bobst's first third party claim sought contribution from "Factory Mutual Research Center," which Factory Mutual claims does not exist. In the amended complaint, it states a claim against "Factory Mutual Research Corporation." It is clear that, from the start, Bobst intended to bring suit against the research division of Factory Mutual and served the complaint upon the correct party. Factory Mutual was fully aware of the claims; the law "does not care whether the complaint gets defendant's name right. If the right person receives service promptly, the complaint is timely despite the gaffe." *Diaz v. Shallbetter*, 984 F.2d 850, 856 (7th Cir.1993).

This may also apply to FM Global Technologies, which Bobst also seeks to add as a party. Plaintiff claims that FM Global Technologies is the successor in interest to Factory Mutual Research Corporation and assumed its liabilities. While the possibility remains that FM Global Technologies merely acquired the assets of Factory Mutual Research Corporation, this relationship is not properly the subject of a motion to dismiss. We just do not know where or how FM Global Technologies fits in, if at all.

In deciding a Rule 12(b)(6) motion to dismiss the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 420 (7th Cir.1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

In order to state a claim for negligence the party seeking recovery must plead facts establishing the existence of a duty, the breach of that duty, and an injury that was proximately caused by that breach. *Hills v. Bridgeview Little League Ass'n*, 195 Ill.2d 210, 253 Ill.Dec. 632, 745 N.E.2d 1166, 1178 (2000). A party who undertakes services for the benefit of another, that are necessary to protect a third person, owes a duty to that third person and is subject to liability if it performs the services negligently. *Pippin v. Chicago Housing Authority*, 78 Ill.2d 204, 35 Ill. Dec. 530, 399 N.E.2d 596, 599–600 (1979) *quoting* Restatement (Second) of Torts § 324A.

Bobst alleges that Factory Mutual Research Corporation assumed such a duty when it inspected samples of the gas vapor concentration analyzers used in the press. Taking Bobst's allegations as true, Factory Mutual Research Corporation was in the business of certifying parts for use in presses and other equipment. It claims that third parties relied on these certifications and believed that the parts were safe for use. In fact, Bobst alleges that, for that very reason, Factory Mutual urged Control Instruments and Bobst to use the certified parts in the press—certified parts were more likely to be safe than others.

The Restatement (Second) of Torts § 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to performed duty owned by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Pippin,* 35 Ill.Dec. 530, 399 N.E.2d at 600.

 Testing and certification agencies such as Factory Mutual Research Corporation are not typical defendants in voluntary undertaking cases. Courts have however determined that such agencies may be subject to liability under § 324A. *Hempstead v. General Fire Extinguisher Corp.,* 269 F.Supp. 109, 118 (D.Del.1967). In *Hempstead,* the plaintiff was injured by an exploding fire extinguisher while attempting to put out a fire. *Id.* at 110. Underwriters Laboratories had inspected the extinguisher and determined that it met certain safety standards. *Id.* at 117. In denying the defendant's motion for summary judgment, the district court determined that Underwriters had undertaken a duty to test the extinguisher and had increased the plaintiff's risk of harm by failing to exercise reasonable care in doing so. *Id.* at 118. At least one appellate court has approvingly cited to *Hempstead* (without substantial explanation) as the law in Illinois. *Yassin v. Certified Grocers of Illinois,* 150 Ill.App.3d 1052, 104 Ill.Dec. 52, 502 N.E.2d 315, 330 (1986) ("We assume, without deciding, that such suits against independent testing laboratories can be brought in Illinois as well"); *see also Hanberry v. Hearst Corp.,* 276 Cal. App.2d 680, 81 Cal.Rptr. 519 (1969). Bobst sufficiently pleads that Factory Mutual Research Corporation's undertaking of the certification process gave rise to a duty of care when testing the gas vapor concentration analyzers.

Factory Mutual claims that the contract between Factory Mutual Research Corporation and Control Instruments forecloses the possibility of a duty arising from the certification process. While Factory Mutual Research Corporation may have contractually limited its liability with respect to Control Instruments, it cannot rely on that agreement to foreclose a duty to third parties. Bobst alleges that the duty arose, notwithstanding the contract, through Factory Mutual Research Corporation's actions.

### CONCLUSION

For the foregoing reasons, Bobst's motion to amend its third party complaint is granted and Factory Mutual's motion to dismiss is denied.